# SUPREME JUDICIAL COURT,

IN THE

## COUNTY OF YORK, MAY TERM, 1812,
## AT YORK.

———◆———

PRESENT:

Hon. SAMUEL SEWALL,  
Hon. GEORGE THATCHER, } Justices.  
Hon. ISAAC PARKER,

———◆———

## William Copp *versus* David M'Dugall.

Where the endorsee of a negotiable promissory note failed of recovering against the promisor, because the original contract was usurious, the endorser, who was the original payee, was held liable, without notice, for the amount due, by the note, but not for the costs of the endorsee's action against the promisor.

The declaration, which was in case, contained several counts. The first was as endorsee against the defendant as endorser of a promissory note, made by one *James Rounds,* dated September 4, 1805, for fifty-three dollars, payable, with interest, to the defendant or his order in two years from the date, with an averment of a demand on *Rounds,* his refusal to pay, and notice thereof to the defendant. Another count alleged that the defendant, at, &c., on, &c. having a note of *James Rounds,* for the sum of fifty-three dollars, payable to the defendant or his order in two years, with interest, in consideration that the plaintiff would pay him fifty-three dollars

promised the plaintiff to endorse the said note to him, and that the same was good against *Rounds*, was given for a valid and legal con-sideration, and would be paid to the plaintiff when it should be-come payable: then follow averments that the plaintiff paid the money; that the defendant endorsed the note; that the [ * 2 ] plaintiff, confiding in the defendant's promises, * sued *Rounds* upon the note; that upon the trial of that action in this Court, it appearing that the note was not given for a valid or legal consideration, a verdict was returned against the plaintiff, and *Rounds* recovered his costs taxed at thirty-two dollars ninety-six cents, which the plaintiff had been held to pay, besides fifty dollars more expended by himself in that action, and had lost the amount of the note and interest; of all which the defendant had had notice, and thereby became liable, &c. There was also a count for one hundred and fifty dollars laid out and expended by the plaintiff for the defend-ant, and another for a like sum had and received by the defendant for the use of the plaintiff.

A trial was had upon the general issue before *Thatcher*, J., at the last October term in this county, and a verdict taken by consent for the plaintiff, subject to the opinion of the Court on certain facts stated by the parties.

The execution and endorsement of the note, as declared on, were agreed. The plaintiff also produced a copy of the judgment recov-ered by *Rounds*, as mentioned in the declaration.

No demand was made on *Rounds*, except by bringing the action against him, in which he recovered costs against the plaintiff; nor any notice to the defendant, except that *J. Dane*, Esq., the plaintiff's attorney in the action against *Rounds*, after the commencement of that action, having informed the plaintiff that *Rounds* had pleaded, or would plead, usury in defence of the action, and having requested him to furnish evidence in support of the action, the plaintiff replied that he had informed *M'Dugall*, who had said that *Rounds* would not stand trial in the action.

After the judgment was rendered against the plaintiff, Mr. *Dane* applied to him to satisfy that judgment, as he, Mr. *D.*, by endorsing the original writ, was liable therefor. Some time afterwards, *M'Du-gall* called on Mr. *D.*, in expectation of meeting the plaintiff, for the purpose of adjusting the concern; but not finding the plaintiff, he expressed a readiness to pay the amount of the note and in [ * 3 ] terest, * but did not consider himself liable to pay any costs. Mr. *D.* refused to make the adjustment upon those terms.

*Adams*, for the defendant, contended that, the note having been avoided by the promisor as usurious, no action could be maintained upon it by the endorsee; and if this was not tenable, the endorsee

had lost his right of action, for his neglect of demanding payment of the promisor, and giving seasonable notice to the endorser. (1) But if the defendant is liable at all, it is only for the principal and interest of the note ; this is the only promise which the law implies in the case; and no special contract was proved, to charge the defendant beyond this.

*Holmes*, for the plaintiff, argued that if one would endorse over to an innocent person a note which was void for usury as against the maker, he had no claim to notice ; and being privy to the illegality of the contract, notice would have been of no benefit to him. He must have been aware that the maker never could be holden. The case, however, shows sufficient notice to the defendant, to have enabled him either to validate the note on the trial, or at least to have prevented the plaintiff's incurring the expenses which he did. Though the note was void as between the original parties to it, it was good and valid as between the endorser and endorsee. (2)

If a party to a usurious note will assign it to an innocent endorsee, he is answerable for all expenses duly and prudently incurred by the endorsee in endeavoring to obtain payment of the maker.

*Emery*, in reply. The engagement of the defendant was, that he would discharge the note, upon seasonable notice given him of an unsuccessful and seasonable demand on *Rounds*, the maker of the note. Such demand and notice are essential ; nor is it any excuse or dispensation for the want of them, that the promisor afterwards contested the payment of the note. The judgment against the plaintiff does not bind the defendant, who was not a party to it; nor is there any averment or evidence in the case, that * that judgment was owing to any illegality in the note. [ * 4 ] The costs of that action are not recoverable in this action, unless there was a special agreement to that effect, which is not in evidence, nor, indeed, is such an agreement pretended. (3)

The action being continued *nisi*, the opinion of the Court was delivered the next week at *Portland* by

Sewall, J. The verdict, in this case, for the plaintiff, was taken by the consent of the parties, and is subject to the two questions which have been argued.

The plaintiff's demand is as endorsee of a promissory note against

(1) *Chitty on Bills*, 88, 96, 97. — *Doug.* 514, *Russell vs. Langstaffe.* — *Ibid* 679, *Rushton vs. Aspinall.* — 5 *Burr.* 2670, *Blesard vs. Hirst & Al.*
(2) *Chitty*, 53, 190, 191. — 3 *Burr.* 1516, *Grant vs. Vaughan.* — 3 *D. & E.* 174, *Tatlock & Al. vs. Harris.* — 2 *Strange*, 1155, *Bowyer vs. Bampton.* — *Salk.* 344. — 1 *Lord Raym.* 188. — 5 *Mod.* 177.
(3) 5 *Esp. Rep.* 1, *Spurrier vs. Elderton.*

his immediate endorser; and whether the action is maintained upon either of the counts in the plaintiff's declaration, is the first question to be decided.

The defendant's endorsement is proved. It was a blank endorsement, in the common form, upon a negotiable note, made before the note became due; and a judgment has been rendered against the plaintiff, in an action sued by him as endorsee against the maker of the note; in which action, it may be understood, some defence was maintained upon a trial of the merits. But what the defence was, is not ascertained by any evidence competent between the parties. It is averred, in one of the counts, that the action failed in consequence of a defence maintained by the promisor, that the note was given upon a usurious contract, and was therefore void even in the hand of an innocent endorsee.

What evidence there was of the fact of usury in the consideration of this note, or that this was the defence which defeated the suit of the endorsee, or whether all this was admitted by the parties at the trial of the present action, does not appear. And as between these parties, the record of the judgment or of the proceedings, in the former action between the present plaintiff and the maker of the note, is not evidence to charge the defendant in this action, by reason of any fact proved in the former trial, or admitted by those proceedings. The record is proof of the proceedings and judgment, and nothing more.

[ * 5 ] *The report of the case at bar also states that the suit against *Rounds,* commenced some time after the note became due and payable, is the only demand proved by the holder of the note from the maker; and there is no regular evidence of any notice to the endorser of the dishonor of the note; for the plaintiff's declaration to his attorney is not admissible evidence of this fact.

The case, thus far recited, is one, therefore, in which the plaintiff can have no right of action against the defendant upon his endorsement, independently of other circumstances; he having, while the holder of the note, neglected to demand it of the promisor, and to give seasonable notice of his refusal to pay it. The implied promise of the endorser, in the regular assignment of a negotiable note, is conditional; that the endorsee or holder of the note, when it becomes due, shall use due diligence to recover or demand it of the maker; and if he fails or refuses to pay, then that the endorser shall have notice of it, as soon as may be done afterwards; and a neglect of these implied stipulations discharges the endorser.

If the plaintiff is entitled to recover in this case, it must be upon the other circumstances proved.

These circumstances are, that after the judgment obtained by

Copp vs. M'Dugall.

*Rounds*, the maker of the note, in the action against him, notice was given to the defendant ; *and that when informed of the . event of the plaintiff's suit against* Rounds, *and of the defence, and when questioned why he did not assist or furnish the plaintiff with evidence, the defendant answered that he had supposed that* Rounds *would not stand trial.* (a)    And the defendant then said he was ready to pay the amount of the note and interest, but was not liable by law to pay any costs.

And we are all of opinion, that the defendant is justly charged by the verdict, as found upon this evidence.    The defendant is liable by this confession and undertaking, because it amounts to a recognition of the illegality of the note, which he had endorsed ; (b) at least so far as the present * plaintiff is con-   [ * 6 ] cerned ; and without further evidence, we may understand that the plaintiff failed of recovering the note against the promisor upon the ground of an illegal consideration, or some substantial defence, against the contract, which proved that the maker of the note was not liable upon it, when it was endorsed.

The plaintiff became then entitled at least to the money he had paid the defendant upon a bargain and consideration which had failed on his part, the transfer of a note which was not what it purported to be, a good recoverable note against the promisor. (c)

The case is analogous, as I conceive, to that of a bill of exchange, where the drawer is proved to have had no funds in the hands of

(a) [This does not appear in the report. — Ed.]

(b) [It seems difficult to infer a recognition of the illegality of the note from the declarations and acts of the defendant, even as stated by the learned judge.    The defendant, in effect, only said that he did not furnish evidence to establish the validity of the note, because he did not expect that it would be disputed.    His promise to pay, however, might have been considered as a waiver of a previous demand on the maker, and notice to himself, or, more properly, as evidence that such demand had been duly made, and such notice duly given.    And perhaps the decision in favor of the plaintiff might have been better supported upon this ground, than by embarrassing the case with the illegal consideration of the note. — *Vaughan* vs. *Fuller*, 2 *Str.* 1246. — *Lundie* vs. *Robertson*, 7 *East*, 236, and *Haddock* vs. *Bury*, cited in *note.* — *Taylor* vs. *Jones*, 2 *Camp.* 105. — *Hodge* vs. *Fillis*, 3 *Camp.* 463. — *Gibbon* vs. *Coggan*, 2 *Camp.* 188. — *Greenway and Others* vs. *Hindley*, 4 *Camp.* 52. — *Wood* vs. *Brown*, 1 *Stark.* 217. — *Potter* vs. *Rayworth*, 13 *East*, 417. — *Stevens* vs. *Lynch*, 12 *East*, 38. — *Thomson on Bills*, 565, and cases there cited. — *Bayley*, 187. — *Hopkins* vs. *Liswell*, 12 *Mass. Rep.* 52, and see 3 *Johns. Rep.* 6. — 16 *Johns.* 152. — 2 *Mason*, 241. — 4 *Dall.* 109. — 2 *N. H. R.* 340. — 2 *Nott & M'Cord*, 479. — 6 *Munf.* 487.    At least, if we are to understand by the statement in the report that no demand was made, &c., and no notice, &c., only that there was no evidence of demand and notice ; and so it seems to have been understood by the Court. — Ed.]

(c) [It is no objection, in an action against an endorser, that the bill or note was drawn upon a gaming, usurious, or other illegal consideration ; (*Bayley*, 369, *Edwards* vs. *Dick*, 4 *Barnew. & Ald.* 212. — *Bowyer* vs. *Bampton*, 2 *Str.* 1155. — *Thomson on Bills*, 164, and cases there cited;) nor in an action against the maker that it was endorsed upon such a consideration.    *Knights* vs. *Putnam*, 3 *Pick.* 184 ; and see 2 *Caines's Cas.* 66 — 13 *Johns. Rep.* 52. — 15 *Johns. Rep.* 44 — Ed.]

the drawee or acceptor, and to have suffered no prejudice as to the demand or remedy against him. (d)   A negotiable promissory note, when endorsed, has, as a mercantile contract, every circumstance of a bill of exchange or draught accepted ; the endorser standing in the relation of the drawer, and the promisor being the acceptor. When the promise or acceptance is void, as it is in a case of usury between the drawer and acceptor, if he will resort to that defence against his promise, the contract becomes, as it respects the endorser, a draught accepted without funds, that is, in the case of a promissory note ; and the endorser has no demand, which he can lawfully or effectually assign in the hands of the promisor ; and it is at least evident that the endorser suffers no prejudice or loss by any delay of the endorsee, in demanding payment of the promisor, or in giving notice to the endorser.

The other question to be decided is as to the amount of damages recoverable in this case, and more particularly whether the endorser is liable for the expenses of the action prosecuted by the plaintiff against *Rounds*, the promisor in the note.   And we are all of opinion, upon this point, that the defendant is not liable in that respect, upon the evidence in this case.   His concession goes only to the amount of the note and interest ; but that, indeed, is [ * 7 ]   * the extent to which the endorser of a promissory note is liable in any case, depending on the legal effect of his endorsement.   The drawer or endorser of a foreign bill of exchange is liable, further, to the expenses of the protest, and the damages for re-exchange, or to a rate of damages established by usage, but not to the expenses of suits against other parties, or any remote and consequential damages, unless in virtue of some additional and express contract of indemnity.

The plaintiff's count upon a promise of guaranty and indemnity is not supported by any evidence stated to have been given at the trial.   This is not the legal effect of an endorsement, which is only an implied conditional promise of the endorser to pay the amount of the note, and the damages incurred by the delay of payment, or regular interest, if not obtained of the promisor, the holder observing due diligence in the collection, and giving seasonable notice of the failure of the promisor.   The holder has authority, as soon as the note is due, when payment is refused, to commence his action against the promisor and the endorser ; and there never has been

(d) [The analogy does not appear to be complete ; for although the note might be avoided by the maker, at his election, for usury ; yet, if any part of the consideration were a preëxisting debt, the payee might have an action against him for that. -- *Johnson vs. Johnson*, 11 *Mass. Rep.* 359. -- Ed.]

**an** attempt to make the one accountable for the costs of the suit against the other, upon the contract proved by the note. (*e*)

The decision on this point is consonant to the opinion of Lord *Kenyon* in the case of *Winckworth* vs. *Mills*, (4) which was indeed a stronger case than this. There the promise of the endorser of an unpaid note to indemnify the holder, by which he was induced to incur the expenses of one or more actions against the other parties to the note, to enforce the payment against them, was holden void, as within the statute of frauds, because not in writing, although some part of the note had been recovered by those suits; and the endorser was holden to be liable only for the balance remaining unpaid.

Judgment is to be entered upon the verdict for the amount of the note and interest. (*f*)

(*e*) [The plaintiff might have maintained an action on the case against the payee for damages. — Ed.]

(4) 2 *Esp. Rep.* 483.

(*f*) [See *Revised Statutes*, c. 35, § 1, 2, 3, 4. — Ed.]

————◆————

[ *8 ]

## *Mary Ayer *versus* Seth Spring.

Where land was taken by execution from a husband, the wife was held to be dowable in the land, as it existed at the time of the extent of the execution, and not in the erections or other improvements afterwards made.

This was a writ of *dower unde nihil habet*, in which the demandant claims her dower in three fifth parts of a certain island called *Jordan's* Island, containing twelve acres; and she counts on the seisin of *Elisha Ayer*, her late husband, during the coverture, and on a demand of the tenant, and a refusal by him to assign her dower.

The tenant pleaded, 1. That the demandant was never lawfully married to the said *Elisha Ayer*. And, 2. That the said *Elisha* was never seised, during the coverture, of the demanded premises: and on both pleas issue was joined by the demandant.

These issues were tried at the last October term in this county, before *Thatcher*, J., by whose report it appears that the demandant proved her marriage and a seisin in her husband during the coverture, and that one *Cole*, under whom the tenant derived his title, caused an execution against the husband to be extended on the

15